IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

WHITEFISH CREDIT UNION,

          Plaintiff,

vs.

WAYNE JOHNSON,
SANDRA R. JOHNSON, et al.,

          Defendants.

CV 12-149-M-DLC-JCL

FINDINGS &
RECOMMENDATION

_____

In February 2011, Plaintiff Whitefish Credit Union ("the Credit Union") commenced this foreclosure action in state court against Wayne and Sandra Johnson ("the Johnsons") and several other defendants. Dkt. 5-1; 5-3. The Johnsons removed the case to this Court in September 2012 based on diversity and federal question jurisdiction. Dkt. 1.

The Credit Union has moved to remand for lack of subject matter jurisdiction and failure to comply with the procedural requirements of the federal removal statute, 28 U.S.C. § 1441. The Credit Union also argues that the Johnsons filed their notice of removal for the improper purpose of delaying the

foreclosure proceedings in state court, and seeks an award of attorney fees. Dkt. 5, at 3.

Removal of a civil action from state court to federal court is appropriate if the action could have originally been filed in federal court. 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). There is a strong presumption against removal jurisdiction, which means that the defendant always bears of the burden establishing facts to support jurisdiction. *Gaus*, 980 F.2d at 566-67. If, at any time, the federal court finds that it lacks subject matter jurisdiction over a removed action, it must remand the case to state court. 28 U.S.C. § 1447(c). Remand may also be ordered based on defects in the removal procedure. 28 U.S.C. § 1447(c).

The Credit Union argues that the Johnsons have not met their burden of establishing that this Court has diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. The Credit Union is correct.

The statute governing diversity jurisdiction gives federal district courts original jurisdiction of all civil actions "between...citizens of different States"

where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). It is the well-established rule that the statute requires complete diversity of citizenship among adverse parties. This means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Johnsons allege in their notice of removal that the Credit Union is seeking "damages and/or other recoveries counting toward the jurisdictional minimum, in excess of $75,000," but say nothing about citizenship of the parties. For purposes of diversity jurisdiction, a corporation is considered a citizen of the state of incorporation and of the state where it has its principal place business. 28 U.S.C. § 1331(c)(1).

The Credit Union alleges that it "is a financial institution organized and existing under the laws of the State of Montana, headquartered in Whitefish, Montana," which makes it a citizen of the state of Montana under Section 1331(c)(1). The Johnsons do not argue otherwise. Nor do the Johnsons dispute that they are citizens of the State of Montana. Because the Johnsons did not allege facts in their notice of removal sufficient to establish complete diversity of citizenship, they have not met their burden of establishing that this court has diversity jurisdiction.

The Johnsons also assert in their notice of removal that they "have a federal question" for the Court to resolve, in an apparent attempt to establish federal question subject matter jurisdiction. Dkt. 5. The federal question statute gives the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While the Johnsons cursorily allege there is a federal question at issue here, they do not explain what that question might be. To the contrary, it appears that the Credit Union's state court pleadings are premised entirely on state law and do not implicate any federal question. Dkt. 5-1; 5-3. The Johnsons have thus failed to show that removal was proper based on federal question jurisdiction.

Because the Johnsons have not met their burden of establishing that this Court has subject matter jurisdiction for purposes of removal, the Credit Union's motion to remand should be granted.[1]

In closing, the Credit Union seeks an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney

---

[1] The Credit Union also argues that the Johnsons' notice of removal was untimely and defective in many other respects. But because this case should be remanded for lack of subject matter jurisdiction, the Court need not address these arguments.

-4-

fees, incurred as a result of the removal." A court should award attorney's fees and costs under §1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While it would be "readily apparent" to an attorney that there was no objectively reasonable basis for removal in this case, the Johnsons are proceeding pro se and may have reasonably believed that removal was appropriate. See e.g. *Deutsche Bank Trust Co. Americas v. Bradford*, 2012 WL 3069155, *1 (N.D. Cal. July 26, 2012); *Mercy Services Corp. v. Watson*, 2012 WL 3260523 * 2 (E.D. Cal. Aug. 8, 2012); *OneWest Bank, FSB v. Mohr*, 2010 WL 2721437, *3 (N.D. Cal. July 7, 2010). Accordingly, the Credit Union's request for an award of fees and costs under § 1447(c) should be denied.

For the reasons set forth above,

IT IS RECOMMENDED that Plaintiff's Motion to Remand be GRANTED.

DATED this 3rd day of October, 2012

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge