

**FILED**

NOV 01 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| WHITEFISH CREDIT UNION, | ) | CV 12-149-M-DLC-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WAYNE JOHNSON, | ) | |
| SANDRA R. JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This foreclosure action was commenced in state court in February 2011. The Johnsons removed the case to federal court in September 2012 alleging diversity and federal question jurisdiction. Plaintiff Whitefish Credit Union moved to remand for lack of subject matter jurisdiction and failure to comply with

the procedural requirements of the federal removal statute, 28 U.S.C. § 1441. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on the motion to remand on October 3, 2012. The parties did not file objections to the Findings and Recommendation, and so have waived the right to de novo review. 28 U.S.C. § 636(b)(1). The Findings and Recommendations are instead reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch found that the Johnsons have not met their burden of establishing that this Court has diversity jurisdiction under 28 U.S.C. § 1332 nor federal question jurisdiction under 28 U.S.C. § 1331. He found that the Plaintiff's motion to remand should be granted because Defendants did not meet their burden of establishing subject matter jurisdiction for purposes of removal to federal court. Further, he found that the Plaintiff's request for an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c) should be denied due to Defendants' status as pro se litigants and their reasonable belief that removal was appropriate.

IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendation (doc. 14) are adopted in

full.

2. Plaintiff's motion to remand (doc. 4) is GRANTED. Plaintiff's request for an award of fees and costs (doc. 5) is DENIED.

The Clerk of Court is directed to remand this case to the Montana Twentieth Judicial District Court, Lake County, Montana.

DATED this 1st day of November 2012.

Dana L. Christensen, District Judge
United States District Court